IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MATTHEW REARDON<br>　　*Plaintiff*, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 3:25-cv-00203 |
| WILLIAM OSTEEN, *et al.*<br>　　*Defendants*. | §<br>§<br>§ | |

**DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

Defendant University of Texas Medical Branch at Galveston moves to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1). In support of its motion, UTMB respectfully offers the following:

## I.　　STATEMENT OF THE CASE

Plaintiff Matthew Reardon brings this civil rights suit against multiple Defendants, alleging violations of his First, Fourth, and Fourteenth Amendment rights 42 U.S.C. § 1983, conspiracy to deprive his civil rights under 42 U.S.C. § 1985, and state law claims. Plaintiff's Original Complaint at 2. Specifically, against Defendant UTMB, Plaintiff brings a claim of "institutional liability" under 42 U.S.C. § 1983. *Id.* at 23. Additionally, it appears that Plaintiff brings a variety of state law claims against UTMB, including false imprisonment, assault, battery, and intentional infliction of emotional distress. *Id.* at 24. To redress his alleged injuries, Plaintiff generally seeks declaratory relief, compensatory damages in an unspecified amount, reasonable attorney's fees, injunctive relief, and pre and post judgment interest as allowed by law. *Id.* at 26. Defendant UTMB now moves to dismiss all claims against it pursuant to Fed.

1

R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

## II. MOTION TO DISMISS

### A. Plaintiff's federal law claims are barred by sovereign immunity.

The Eleventh Amendment, the Constitution's affirmation of the fundamental principle of sovereign immunity, has long been recognized as a jurisdictional bar to private suits brought in federal court against states and their subdivisions. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1982). This bar applies to a state's own citizens, as well as those of another state. *Hans v. Louisiana*, 134 U.S. 1 (1890). States and their subdivisions may only be sued where there is unequivocally expressed consent, or where Congress has validly abrogated sovereign immunity by unequivocal expression of intent. *Pennhurst*, 465 U.S. at 99; *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The Eleventh Amendment jurisdictional bar applies regardless of the nature of the relief sought. *Pennhurst*, 465 U.S. at 99; *Quern v. Jordan*, 440 U.S. 332, 342 (1979).

The State of Texas has not consented to suit against itself or its subdivisions in federal court, nor has Congress abrogated Texas' sovereign immunity in any way applicable to Plaintiff's claims. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). UTMB is an agency of the State of Texas, and therefore, is shielded by sovereign immunity.[1] Plaintiff's claims are thus wholly barred and must be dismissed pursuant to Rule 12(b)(1).

### B. Plaintiff's state law claims are barred by sovereign immunity.

Insofar as Plaintiff may be bringing various tort claims against UTMB under the Texas

---

[1] The University of Texas Medical Branch at Galveston is a state agency. *See Lewis v. Univ of Tex. Med. Branch*, 665 F.3d 625, 629 (5th Cir. 2011) Additionally, this information is made publicly available: https://fmx.cpa.texas.gov/fm/contacts/agynum/index.php.

2

Tort Claims Act, which waives sovereign immunity in certain circumstances, those claims are barred in federal court. The Texas Tort Claims Act ("TTCA"), Tex. Civ. Prac. & Rem. Code § 101 *et seq.*, is the only avenue for common-law recovery against a Texas governmental unit for tort claims. *Mission Consol. Indep. Sch. Dist. V. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). However, the Fifth Circuit has held that the Texas Tort Claims Act "waives sovereign immunity in state courts only." *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996). The instant suit arises in federal court, where the Texas Tort Claims Act waiver does not apply. Thus, these claims are all barred, because UTMB is entitled to sovereign immunity. *Lee v. UTMB Health of Clear Lake*, No. 4:20-CV-3364, 2021 U.S. Dist. LEXIS 120308, at *5-6 (S.D. Tex. 2021)

### III. CONCLUSION

For the foregoing reasons, Defendant UTMB respectfully requests that this Court grant its motion to dismiss all claims against it with prejudice.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**BRIANA M. WEBB**
Acting Division Chief
Law Enforcement Defense Division

*/s/ Emily Barnes*
**EMILY BARNES**
Assistant Attorney General
Texas State Bar No. 24128875
Southern District Bar No. 3921742
Emily.Barnes@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9893 (Fax)

**ATTORNEYS FOR DEFENDANT UTMB**

## **CERTIFICATE OF SERVICE**

I, **EMILY BARNES**, Assistant Attorney General of Texas, certify that a correct copy of the foregoing has been served on October 3, 2025, via certified mail, as follows:

Matthew Oliver Reardon           *CMRR: 9589 0710 5270 1184 9747 71*
503 County Road 371
Water Valley, Mississippi 38965

**PLAINTIFF** *PRO SE*

*/s/ Emily Barnes*
**EMILY BARNES**
Assistant Attorney General
