IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MATTHEW REARDON<br>*Plaintiff*, | § §  § § | |
| v. | § § | CIVIL ACTION NO. 3:25-cv-00203 |
| WILLIAM OSTEEN, *et al.*<br>*Defendants*. | § § § | |

## DEFENDANT THE UNIVERSITY OF TEXAS MEDICAL BRANCH'S MOTION TO STAY DISCOVERY AND TO VACATE COURT ORDER

Defendant The University of Texas Medical Branch at Galveston moves to stay all discovery and vacate the Court's Order for an initial pretrial and scheduling conference. In support of its motion, UTMB respectfully offers the following:

### I. MOTION TO STAY

The Fifth Circuit recently addressed immunity issues and pretrial procedure directly in *Carswell v. Camp*. 54 F.4th 307 (5th Cir. 2022). The defendant-appellees in *Carswell* filed a dispositive motion in the lower court, asserting qualified immunity, and moved to stay all proceedings and discovery. *Id.* at 309. The district court sidestepped qualified immunity and denied the motions to dismiss without prejudice, authorized limited discovery, denied the motions to stay, and entered a scheduling order. *Id.* at 309-10. The defendant-appellees appealed the entry of the scheduling order prior to a ruling on qualified immunity. *Id.* at 309.

The Fifth Circuit reaffirmed in *Carswell* that "[j]urisdiction is always first," and that immunity issues should be determined "at the earliest possible stage of the litigation." *Id.* at 310 (quoting *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021) and *Ramirez v. Guadarrama*,

1

3 F.4th 129, 133 (5th Cir. 2021)). The dispositive motion "was the earliest possible opportunity for the district court to resolve the immunity question." *Id.* at 311. Proceeding instead to enter a scheduling order was not only an abuse of the district court's discretion but was also immediately appealable. *Id.* at 310-11. To avoid any confusion, the Fifth Circuit directly clarified that previous precedent permitting any discovery in the face of an immunity-based dispositive motion, even if "narrowly tailored" or by "careful procedure," is now overruled. *Id.* at 311-12 (referencing *Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012) and *Lion Boulos v. Wilson*, 834 F.2d 504, 508-09 (5th Cir. 1987)).

The Fifth Circuit also expressly addressed the extent of the mandatory stay of discovery when an immunity-based motion to dismiss is pending. *Id.* at 313-14. Courts may not simply issue a stay limited to parties, capacities, or claims involving an assertion of immunity, and permit discovery to proceed for the remainder. *Id.* at 311-12.

> It is no answer … to say that discovery can be deferred for petitioners while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id.* at 313 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). The Fifth Circuit ruled out forcing immunity-asserting defendants to participate even collaterally in such "minimally intrusive discovery." *Id.* The Fifth Circuit further noted that bifurcation of discovery in such a manner "would radically complicate the case," and "imposes unreasonable burdens on the defendants." *Id.* at 314. When faced with an immunity-based dispositive motion, ALL

discovery must be stayed pending disposition of the motion.

While *Carswell* dealt specifically with qualified immunity, its holding is plainly applicable to an assertion of the stronger, absolute, sovereign immunity, such as UTMB's motion to dismiss. Requiring UTMB to engage in any pretrial procedure prior to determination of its entitlement to sovereign immunity is tantamount to denying the immunity. *See Zapata v. Melson*, 750 F.3d 481, 484 (5th Cir. 2014). The Court specifically has no discretion to enter a scheduling order prior to a ruling on UTMB's motion to dismiss, or to require UTMB to contribute and be subject to any such order.

## II.   CONCLUSION

Defendant UTMB respectfully requests that this Court stay all proceedings in this case pending a ruling on its motion to dismiss asserting sovereign immunity, to include all requirements imposed by the Court's Order for Conference of October 15, 2025.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**BRIANA M. WEBB**
Acting Division Chief
Law Enforcement Defense Division

*/s/ Emily Barnes*
**EMILY BARNES**
Assistant Attorney General
Texas State Bar No. 24128875
Southern District Bar No. 3921742
Emily.Barnes@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9893 (Fax)

**ATTORNEYS FOR DEFENDANT UTMB**

## CERTIFICATE OF CONFERENCE

I, **EMILY BARNES**, certify that I conferred with Plaintiff's counsel regarding this motion on October 3, 2025 and received no response. Accordingly, I must assume he is opposed.

*/s/ Emily Barnes*
**EMILY BARNES**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **EMILY BARNES**, Assistant Attorney General of Texas, certify that a correct copy of the foregoing has been served within one business day of October 6, 2025, via certified mail, as follows:

Matthew Oliver Reardon    *CMRR: 9589 0710 5270 184 9747 95*
503 County Road 371
Water Valley, Mississippi 38965

**PLAINTIFF** *PRO SE*

*/s/ Emily Barnes*
**EMILY BARNES**
Assistant Attorney General