**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

**MATTHEW OLIVER REARDON**

**PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.:  3:25-CV-203**

**WILLIAM OSTEEN, ET AL.**                                          **DEFENDANTS**

---

## DEFENDANT JEFF BUSBY'S MOTION TO DISMISS

COMES NOW, Jeff Busby, a Defendant in the above-styled and numbered cause, by and through counsel, and files his Motion to Dismiss the Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and would state as follows:

### I. INTRODUCTION

The defendant, Jeff Busby ("Busby"), the Circuit Clerk of Lafayette County, Mississippi, hereby seeks the dismissal of the Complaint on the grounds that this court lacks personal jurisdiction regarding the claims asserted by Matthew Oliver Reardon ("Reardon"). Reardon complains that his August 11, 2023 arrest in Galveston, Texas on the charge of driving while intoxicated (DWI) and subsequent indictment under an enhanced charge of felony DWI violated his Fourth and Fourteenth Amendment rights. Regarding Busby, Reardon alleges that Busby, in his capacity as circuit clerk was contacted by the Galveston County District Attorney's Office regarding the status of Reardon's earlier conviction in Lafayette County for DUI and that Busby provided incorrect information to the effect that the DOI conviction was not currently under appeal. Reardon alleges that his Mississippi DUI conviction was in fact appealed to the

Mississippi Supreme Court and remained pending at the time of his Galveston arrest. Reardon further alleges that, based on this allegedly erroneous information, he was indicted under an "enhanced" felony DWI charge but that he was eventually exonerated when the district attorney declined to pursue the charge and dismissed the DWI prosecution.

As stated in the attached affidavit, Busby denies that he had any communication with the Galveston County District Attorney's Office regarding the charges brought against Reardon and Busby specifically denies that he provided any information regarding the status of Reardon's Mississippi DUI conviction. (Busby, Exhibit A). Accordingly, Busby does not have any contacts with the subject forum that would support the exercise of general or specific personal jurisdiction concerning the claims asserted against him in this cause. Therefore the court should dismiss the claims against Busby under Rule 12(b)(2).

## II.  JURISDICTIONAL FACTS

In his Complaint, Reardon makes only the following allegations regarding Busby:

¶ 15.   Defendant Jeff Busby is the circuit clerk of Lafayette County, Mississippi. At all times relevant here in, Busby was acting under color of state law within the scope of his or her usual duties. Busby is sued in his individual capacity for money damages. Busby provided official correspondence on county letterhead to Texas prosecutors falsely stating that no appeal was pending in plaintiff's Mississippi case, when such an appeal was in fact pending, thereby materially contributing to the false felony enhancement.

¶ 54.   In approximately November 2023, after receiving inquiry from Galveston County prosecutor's about the status of plaintiff's Mississippi case, defendant Jeff Busby, in his official capacity and circuit clerk of the Lafayette County, provided a letter on official county letterhead to the Galveston County District Attorney's Office. This letter falsely stated that no appeal was pending in plaintiff's Mississippi DUI case.

Busby denies that he had any contact with the Galveston County District Attorney's Office regarding the allegations raised in Reardon's Complaint. Specifically, Busby denies that he was contacted by the Galveston County District Attorney's Office and did not respond to a request for information regarding the status of Reardon's Mississippi DUI conviction, including whether an appeal remained pending. (Busby, Exhibit A).

### III.    ARGUMENT

#### A. Personal Jurisdiction

Federal Rule of Civil Procedure 12 (b) (2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. A federal court has jurisdiction over a nonresident defendant if (1) the state's long arm statute confers personal jurisdiction over the defendant, and (2) the exercise of jurisdiction is consistent with due process under the United States Constitution. See Ham v. La Cienega Music Co., 4 F.3d 413, 415 (5th Cir. 1993). Because the Texas long arm statute extends to the limits of federal due process, this court need only analyze the 2nd factor, that is, whether jurisdiction is consistent with constitutional due process. Therefore, the court must determine whether: (1) the defendant established "minimum contacts" with the forum state, and (2) whether the exercise of personal jurisdiction over the defendant would offend "traditional notions of fair play and substantial justice." Ruston Gas Turbines, Inc. v. Donaldson Co., 90 F.3d 415, 418 (5th Cir. 1993). The "minimum contacts" prong is satisfied when a defendant "purposefully avails [himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo., 615 F.3d 364, 369 (5th Cir. 2010).

Within the "minimum contacts" analysis, the Court has recognized that there are two types of activities, general and specific, which may satisfy this requirement. General jurisdiction

permits a court to assert jurisdiction over a defendant even based on a form connection unrelated to the conduct at issue in the underlying case. Walden v. Fiore, 571 U.S. 277, 283 (2014). Where the defendant's contacts are not sufficient to establish general jurisdiction, a court may still exercise "specific" personal jurisdiction if (1) the defendant purposefully directed his activities toward the forum state or purposefully availed himself of the privileges of conducting activities there, and (2) the controversy arises out of or is related to the defendant's contacts with the forum. Choice Healthcare, 615 F. 3d at 369.

The sworn testimony set forth in Busby's affidavit contradicts the Complaint's allegations concerning Busby's alleged contacts with the Galveston County District Attorney's Office. Based upon Busby's affidavit, the bases of either general or specific personal jurisdiction are not satisfied here. Moreover, even if it could be shown, as the complaint alleges, that Busby simply "respondent" to the district attorney's request for information, that act, alone does not support the exercise of general or specific personal jurisdiction because there was no "purposeful availment" of the privilege of conducting activities within the forum state and, therefore, the exercise of jurisdiction would clearly offend "traditional notions of fair play and substantial justice."

Where a non-resident defendant, like Busby, challenges personal jurisdiction, the plaintiff bears the burden of making a prima facie showing jurisdiction. Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006). In determining whether personal jurisdiction exists, "the allegations of the Complaint are taken as true to the extent they are not contradicted by affidavits." Wyatt v. Kaplan, 686 F.2d 276, 282 (5th Cir. 1982).

## IV.    CONCLUSION

Based upon the foregoing, defendant Jeff Busby respectfully requests this court to grant this motion to dismiss the Complaint against him for lack of personal jurisdiction.

THIS, the 12th day of November 2025.

Respectfully submitted,

CLAYTON O'DONNELL  PLLC
1403 VAN BUREN AVENUE, SUITE 103
P.O. Drawer 676
Oxford, MS  38655
Telephone:  (662) 234-0900
Facsimile:  (662) 234-3557

/s/ David D. O'Donnell
**DAVID D. O'DONNELL, MSB #3912**
*Attorney for Jeff Busby, Defendant*
dodonnell@claytonodonnell.com

## CERTIFICATE OF SERVICE

I, David D. O'Donnell, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This the 12th day of November, 2025.

/s/ David D. O'Donnell
**DAVID D. O'DONNELL, MSB# 3912**
dodonnell@claytonodonnell.com