**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

**MATTHEW OLIVER REARDON**

                                                                        **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO.:  3:25-CV-203**

**WILLIAM OSTEEN, ET AL.**                                          **DEFENDANTS**

---

**DEFENDANT JEFF BUSBY'S MOTION TO DISMISS AMENDED COMPLAINT**

---

COMES NOW, Jeff Busby, a Defendant in the above-styled and numbered cause, by and through counsel, and files his Motion to Dismiss the Complaint, as amended, for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and would state as follows:

**I. INTRODUCTION**

The defendant, Jeff Busby ("Busby"), the Circuit Clerk of Lafayette County, Mississippi, is not subject to the court's personal jurisdiction under the Texas Long-Arm statute because Busby did not have any purposeful contacts with this forum. Matthew Reardon, plaintiff, complains that his August 11, 2023 arrest in Galveston, Texas on the charge of driving while intoxicated (DWI) and subsequent indictment under an enhanced charge of felony DWI violated his First, Fourth and Fourteenth Amendment rights. Regarding Busby, Reardon alleges that Busby, in his capacity as circuit clerk, transmitted incorrect information to the Galveston County District Attorney's Office to the effect that Reardon's several criminal convictions, including a DUI conviction, were not currently "properly" appealed. Reardon alleges that his Mississippi DUI conviction was in fact appealed and remained pending at the time of his Galveston arrest in

2023 and the date of Busby's March 25, 2024 statement. Reardon further alleges that, based on this allegedly erroneous information, he was indicted under an "enhanced" felony DWI charge but that he was eventually exonerated when the district attorney declined to pursue the charge and dismissed the DWI prosecution.

Busby denies that he had any communication with the Galveston County District Attorney's Office regarding the charges brought against Reardon and Busby specifically denies that he provided any information regarding the status of Reardon's Mississippi DUI conviction. (Busby, Exhibit A). Moreover, the affidavit provided by Steven Jubera, an Assistant District Attorney prosecuting Reardon's Mississippi criminal charges, verifies Busby's non-contact with Galveston officials, explaining that Busby's March 25, 2024 statement was issued to him at his request and that he sent Busby's statement (and other documents) to the Galveston District Attorney's office on March 25, 2024.  (Jubera, Exhibit B). The record evidence therefore shows that Busby did not have any contact with the subject forum, and certainly none that would support the exercise of general or specific personal jurisdiction concerning the claims asserted against him. The court should dismiss the claims against Busby under Rule 12(b)(2).

## II.  JURISDICTIONAL FACTS

In his Amended Complaint, Reardon makes only the following jurisdictional allegations regarding Busby:

¶ 23.  …. On or around March 25, 2024, Busby transmitted an official letter on Lafayette County Circuit Court government letterhead, bearing the governmental seal, referencing cause numbers  9290609, 9290610, 9291197, 9291198, 9291202, to Texas prosecutorial authorities, stating that to the best of his knowledge no properly filed appeal was pending  --- sustaining a prosecution of a man who had been in pretrial detention for over 7 months. ……

¶ 63.   On or around March 25, 2024, Busby transmitted an official letter on Lafayette County Circuit Court government letterhead, bearing the governmental seal, and signed "Jeff Busby, Lafayette County circuit clerk" --- to Texas prosecutorial authorities. The letter referenced cause numbers9290609, 9290610, 9291197, 9291198, 9291202, specifically associated with plaintiff's Lafayette County proceedings. It stated that to the best of Busby's knowledge, no properly filed appeal from any conviction pending in the Lafayette County Circuit Court was pending. …..

Reardon's Amended Complaint allegations concerning Busby's intentional contacts with Texas prosecutors rest on pure speculation. In reality, Busby did not have any contact with the Galveston County District Attorney's Office regarding the allegations raised in Reardon's Complaint. Busby denies that he was contacted by the Galveston County District Attorney's Office and did not communicate with that office regarding the status of Reardon's Mississippi DUI conviction, including whether an appeal remained pending. (Busby, Exhibit A).

Jubera's affidavit confirms that he, not Busby, was in communication with Texas prosecutors on March 25, 2024 and sent Busby's statement, together with other documents, concerning the nature and status of Reardon's Mississippi criminal convictions and appeals. (Jubera, Exhibit B). Jubera's March 25, 2024 email transmitting the documents to Galveston notes Reardon's apparent effort to appeal the DUI conviction while explaining there was an issue whether an appeal was "properly filed":

Nasharria,

Thank you for your call. Attached are various documents regarding Mr. Reardon including his prior convictions.

Mr. Reardon filed a motion on our civil docket that is attached, pro se, which seems to be something like an appeal. When a lower court convicts a defendant has an absolute right to appeal. That appeal is filed on the criminal docket, not the civil one.

That is not a proper appeal from any judgment in lower court in particular the DUI in question. I have a latter from our clerk attached stating there has not been a properly filed appeal from any conviction pending in circuit court.

3

### III.    ARGUMENT

### A. Personal Jurisdiction

Federal Rule of Civil Procedure 12 (b) (2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. A federal court has jurisdiction over a nonresident defendant if (1) the state's long arm statute confers personal jurisdiction over the defendant, and (2) the exercise of jurisdiction is consistent with due process under the United States Constitution. See Ham v. La Cienega Music Co., 4 F.3d 413, 415 (5th Cir. 1993). Because the Texas long arm statute extends to the limits of federal due process, this court need only analyze the second factor, that is, whether jurisdiction is consistent with constitutional due process. Therefore, the court must determine whether: (1) the defendant established "minimum contacts" with the forum state, and (2) whether the exercise of personal jurisdiction over the defendant would offend "traditional notions of fair play and substantial justice." Ruston Gas Turbines, Inc. v. Donaldson Co., 90 F.3d 415, 418 (5th Cir. 1993). The "minimum contacts" prong is satisfied when a defendant "purposefully avails [himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo., 615 F.3d 364, 369 (5th Cir. 2010).

Within the "minimum contacts" analysis, the Court has recognized that there are two types of activities, general and specific, which may satisfy this requirement. General jurisdiction permits a court to assert jurisdiction over a defendant even based on a form connection unrelated to the conduct at issue in the underlying case. Walden v. Fiore, 571 U.S. 277, 283 (2014). Where the defendant's contacts are not sufficient to establish general jurisdiction, a court may still exercise "specific" personal jurisdiction if (1) the defendant purposefully directed his activities toward the forum state or purposefully availed himself of the privileges of conducting activities

4

there, and (2) the controversy arises out of or is related to the defendant's contacts with the forum. Choice Healthcare,  615 F. 3d at 369.

Where a non-resident defendant, like Busby, challenges personal jurisdiction, the plaintiff bears the burden of making a prima facie showing jurisdiction. Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006). In determining whether personal jurisdiction exists, "the allegations of the Complaint are taken as true to the extent they are not contradicted by affidavits." Wyatt v. Kaplan, 686 F.2d 276, 282 (5th Cir. 1982).

The sworn testimony set forth in Busby's and Jubera's affidavits contradict the Amended Complaint's allegations concerning Busby's alleged contacts with the Galveston County District Attorney's Office. Based upon these affidavits, the bases of either general or specific personal jurisdiction are not satisfied here.

Moreover, even if it could be shown, as the Amended Complaint alleges, that Busby simply "responded" to the district attorney's request for information, that act, alone does not support the exercise of general or specific personal jurisdiction because there was no "purposeful availment" of the privilege of conducting activities within the forum state and, therefore, the exercise of jurisdiction would clearly offend "traditional notions of fair play and substantial justice."

## IV.    CONCLUSION

Based upon the foregoing, defendant Jeff Busby respectfully requests this court to grant this Motion to Dismiss the Amended Complaint against him for lack of personal jurisdiction.

THIS, the 13th day of May, 2026.

Respectfully submitted,

CLAYTON O'DONNELL  PLLC
1403 VAN BUREN AVENUE, SUITE 103
P.O. Drawer 676
Oxford, MS  38655
Telephone:  (662) 234-0900
Facsimile:  (662) 234-3557


/s/ David D. O'Donnell
**DAVID D. O'DONNELL, MSB #3912**
*Attorney for Jeff Busby, Defendant*
dodonnell@claytonodonnell.com


### CERTIFICATE OF SERVICE

I, David D. O'Donnell, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

I also served the Plaintiff, pro se, at the following  address and methods per the court's direction:

Matthew Oliver Reardon
503 CR 371
Water Valley, MS 38965
(regular mail)

Matthew Oliver Reardon
503 CR 371
Water Valley, MS 38965
(certified mail, return receipt requested)

Matthew Oliver Reardon
patriotnewsactivism@gmail.com


This the 13th day of May, 2026.

*/s/ David D. O'Donnell*
**DAVID D. O'DONNELL, MSB# 3912**
dodonnell@claytonodonnell.com

6