IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

**MATTHEW OLIVER REARDON**

**PLAINTIFF**

**VS.**　　　　　　　　　　　　　　**CIVIL ACTION NO.: 3:25-CV-203**

**WILLIAM OSTEEN, ET AL.**　　　　　　　**DEFENDANTS**

---

### AFFIDAVIT OF JEFF BUSBY

I, Jeff Busby, being of age and sound mind, do hereby testify to the following matters of which I have personal knowledge after being placed under oath:

1.　　I am the Circuit Clerk of Lafayette County, Mississippi. I have served in that position since January 2020 to the present.

2.　　In my capacity as the Circuit Clerk, I oversee and manage all routine criminal and civil court functions of the Lafayette County Circuit Court. The Circuit Clerk's office employs several deputy clerks who perform their duties under my supervision.

3.　　Having been served a copy of the Complaint filed in this case, I understand that Matthew Reardon alleges that I personally responded to a request from the Galveston County District Attorney's Office for a status update on Matthew Reardon's Mississippi DUI conviction in the Lafayette County Circuit Court. I did not receive any such request and neither did I provide any information, written or otherwise, to the Galveston County District Attorney concerning Reardon's DUI conviction, including whether there was an active appeal.



4.    I drafted the statement dated March 25, 2024 at the request of Steve Jubera, the Assistant District Attorney who was prosecuting Matthew Reardon on pending criminal matters.

5.    Regarding the substance of my statement, there was a genuine issue concerning whether Reardon had properly filed an appeal of his DUI and other criminal convictions. That is substantiated by Circuit Judge Kelly Luther's Order granting the State of Mississippi's request to dismiss Reardon's purported appeal dated June 28, 2024. (Order, Exhibit A). In that order, Judge Luther found that Reardon's appeal was untimely and noted several procedural deficiencies in Reardon's filings which bore on the timeliness of the appeal.

Further affiant sayeth not.

_____
Jeff Busby

SWORN TO AND SUBSCRIBED BEFORE ME on the 13th day of May, 2026.

_____
Notary

My Commission Expires:

My Commission Expires Jan 2, 2028

(Seal)

## IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, MISSISSIPPI

**MATTHEW REARDON**

**V.**

**STATE OF MISSISSIPPI**

**CAUSE NO. L21-494**

LAFAYETTE COUNTY
**FILED**
JUN 28 2024
JEFF BUSBY
CIRCUIT CLERK
BY: _____ D.C

---

### ORDER

---

**THIS CAUSE** is before the Court on a request to dismiss as set forth by the State of Mississippi in its *Response to Notice of Appeal and Jury Trial Demand*. The Court, being fully advised in the premises, hereby finds as follows:

On November 24, 2021, the Justice Court of Lafayette County, Mississippi entered judgments of guilty against Mr. Reardon for four offenses: Driving Under the Influence – First Offense, Improper Equipment, Disorderly Conduct, and Resisting Arrest. Aggrieved, Mr. Reardon initiated a *pro se* civil filing in this Court on December 3, 2021, submitting a document titled *"Motion to Alter or Amend Judgment Under M.R.C.P. 59(E) or, in the Alternative, to Vacate Judgment Entered Pursuant to M.R.C.P 60(B)(1, 2, 4, 6)"* and styled "In the Justice Court of Lafayette County, Mississippi." Mr. Reardon, according to subsequently-appointed counsel, *intended* for this document to serve as a Notice of Appeal from the convictions entered against him in the Justice Court of Lafayette County.

An appeal from Justice Court to Circuit Court is perfected by simultaneously filing a written notice of appeal, a cost bond, and an appearance bond (or cash deposit) with the clerk of the circuit court having jurisdiction within thirty (30) days of the judgment. M.R.Cr.P 29.1(a).

1


EXHIBIT
A

Though filed within the required thirty (30) day period, Mr. Reardon's *Motion to Alter or Amend* was *not* a notice of appeal. The document was filed civilly, relied upon the Mississippi Rules of Civil Procedure, and sought relief improper to a criminal appeal. It clearly failed to comply with the content requirements of M.R.Cr.P. 29.1(b). Over a month later, on January 7, Mr. Reardon filed three additional documents: a *Motion for Hearing Date for Decision on Motion*, a *Motion to Schedule Hearing for De Novo Appeal*, and an *Affidavit of Poverty*. A document titled *Corrected Notice of Appeal* was filed by appointed counsel in April, which contained the requisite information for a written notice as provided in M.R.Cr.P. 29.1(b).

The Court is of the opinion that Mr. Reardon never timely perfected an appeal. Assuming that the first document served as an improperly filed notice, the April "corrected" document merely cured the content deficiency addressed in M.R.Cr.P. 29.1(c).

Troubling to the Court is Mr. Reardon's failure to timely submit either: (1) an affidavit of poverty; or (2) a cost bond and appearance bond. Both a cost bond <u>and</u> an appearance bond (or cash deposit) must be timely filed – unless excused by the circuit court by making an affidavit of poverty. M.R.Cr.P. 29.3; M.R.Cr.P. 29.4. The affidavit of poverty Mr. Reardon submitted on January 7 was well outside the thirty (30) day period.

In *Garth v. State*, a written notice of appeal was timely submitted (on the thirtieth day), but neither the cost bond nor the appearance bond was simultaneously posted. 380 So. 3d 933, 935 (Miss. 2024). The clerk received a check covering both amounts approximately six (6) days later, outside the thirty-day time to appeal. *Id.* The circuit court dismissed, holding that the failure to timely post the required bonds was not a curable defect -- rather, it deprived the circuit court of jurisdiction. *Id.* The Supreme Court affirmed, pointing out that no authority allows the

2

required bonds to be filed past the thirty-day appeal time. *Id.* at 936 (citing *Spencer v. State,* 880 So. 2d 1044, 1046 (Miss. 2004)). Further, a court cannot extend the time for taking an appeal. M.R.Cr.P. 1.3(b).

If Mr. Reardon sought to proceed without posting the required bonds, it was imperative that he file a proper affidavit of poverty within the thirty-day period – to hold otherwise would allow untimely filers to remedy their situation simply by claiming poverty. Because Mr. Reardon failed to timely perfect an appeal, the Court finds that it is without jurisdiction in this matter.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this matter is hereby **DISMISSED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that court-appointed counsel shall make diligent effort to notify Mr. Reardon of this disposition, after which the representation shall terminate based upon the matter's conclusion and a conflict of interest prohibiting counsel's further representation of Mr. Reardon.

The Clerk of the Court shall provide notice of this dismissal to the Justice Court of Lafayette County in accordance with the Mississippi Rules of Criminal Procedure.

**SO ORDERED AND ADJUDGED,** this the 28th day of June, 2024.

 

**J. KELLY LUTHER**
**CIRCUIT COURT JUDGE**