COUNTY OF DESOTO

**AFFIDAVIT**

STATE OF MISSISSIPPI

I, **Steven Patrick Jubera** being of full age and duly sworn according to law, hereby depose and says:

From January 1, 2023 through July 16, 2024, I was an Assistant District Attorney in Lafayette County, Mississippi. Matthew Reardon was on a term of post-release supervision in LK22-358, having been convicted of stalking on September 20, 2022 and sentenced to five years of unsupervised probation.

It came to my attention that Matthew Reardon had been charged with Driving Under the Influence, third offense, by the Galveston, Texas Police Department in Case #2023-0055559 for an offense that occurred on August 11, 2023. I filed a petition to revoke his post-release supervision. In preparation for my revocation, I communicated with Nasharria Olivia Serinash, Assistant District Attorney in Galveston, via email. It came to my attention the prosecution in Galveston required documents including a copy of Reardon's prior conviction as well as proof Mr. Reardon's prior conviction was not properly appealed.

During the course of my duties I confirmed with Jeff Busby, Lafayette County Circuit Court Clerk, that there was no properly filed appeal in his office. I requested he prepare a statement to that effect and he did so. I sent, via email as an attachment, Mr. Busby's statement to ADA Serinash on or about March 25, 2024. I also sent the following items as attachments to the email:

1) "MOTION TO ALTER OR AMEND JUDGEMENT UNDER M.R.C.P. 59(E) OR IN THE ALTERNATIVE TO VACATE JUDGEMENT ENTERED PURAUANT TO M.R.C.P. 60(B)(1,2.4.6)" which is filed in the Justice Court of Lafayette County Mississippi and not in the Circuit Court of Lafayette County, Mississippi, under a criminal cause.
2) "RESPONSE TO NOTICE OF APPEAL AND JURY TRIAL DEMAND" filed in the Circuit Court of Lafayette County, Mississippi cause number L21-494 filed by County Attorney Bela J Chain III under a criminal cause.
3) Indictment in LK17-295 in the Circuit Court of Lafayette County, Mississippi for Aggravated Stalking.
4) Sentencing order titled "AMENDED TIME SERVED ON GUILTY PLEA" in LK17-295.

[signature]
STEVEN PATRICK JUBERA

Sworn and subscribed to before me this 13 day of May, 2024

[signature]

By: V. [signature]

My Commission Expires January 3, 2028

CIRCUIT COURT OF DESOTO COUNTY ★ MISSISSIPPI ★

EXHIBIT

B

Re: Matthew Reardon
From:Steve Jubera (spjubera@gmail.com)
To:nasharria.serinash@galvestoncountytx.gov
Date:Wednesday, April 17, 2024 at 12:02 PM CDT

**Message Body**

Attached are other convictions on Mr. Reardon including his misdemeanor DUI. Sorry for the delay.
Steve

On Monday, March 25, 2024 at 03:42:08 PM CDT, Serinash, Nasharria <nasharria.serinash@galvestoncountytx.gov> wrote:

Did they have a DUI conviction from 2021?

**From:** Steve Jubera <spjubera@gmail.com>
**Sent:** Monday, March 25, 2024 3:22 PM
**To:** Serinash, Nasharria <Nasharria.Serinash@galvestoncountytx.gov>
**Subject:** Re: Matthew Reardon

Nasharria,
Thank you for your call. Attached are various documents regarding Mr. Reardon including his prior convictions.

Mr Reardon filed a motion on our civil docket that is attached, pro se, which seems to be something like an appeal. When a lower court convicts a defendant has an absolute right to appeal. That appeal is filed on the criminal docket, not the civil one.

That is not a proper appeal from any judgement in lower court in particular the DUI in question. I have a letter from our clerk attached stating there has not been a properly filed appeal from any conviction pending in circuit court.

If there is anything else I can do for you please let me know. Good luck.
Steve

On Monday, March 25, 2024 at 02:05:44 PM CDT, Serinash, Nasharria <nasharria.serinash@galvestoncountytx.gov> wrote:




**Nasharria Olivia Serinash**
**Assistant District Attorney**
**56th District Court**
**Galveston County District Attorney's Office**
600 59th Street, Suite 1001
Galveston, Texas 77551
(409) 770-5125

- 

reardon misd.pdf
218.4 KB

IN THE JUSTICE COURT OF LAFAYETTE COUNTY, MISSISSIPPI

LAFAYETTE COUNTY
FILED
DEC 03 2021
JEFF BUSBY
CIRCUIT CLERK
BY: ______ D.C.

STATE OF MISSISSIPPI

VS. CAUSE NOS. 9290609 . 9290610. 9291197 , 9291198, 9291202

MATTHEW REARDON

**MOTION TO ALTER OR AMEND JUDGEMENT UNDER M.R.C.P 59(E) OR IN THE ALTERNATIVE TO VACATE JUDGEMENT ENTERED PURSUANT TO M.R.C.P 60(B)(1,2,4,6) --**

Comes now before the court Matthew Reardon, your Defendant, whom respectfully moves this court under the above-mentioned cause numbers to grant Defendant's MOTION TO ALTER OR AMEND JUDGEMENT or in the alternative TO VACATE THE JUDGEMENT ENTERED. On Multiple Occasions prior to trial commencing, Defendant made the State known of major deficiencies which were inconsistent with Due Process of Law, and in fact the violations amounted to a complete deprivation of Defendant's Due Process Rights Defendant offers the following justifying facts and reasons for this request to be GRANTED in support of his motion:

I. **The Introduction and Use of Knowingly Perjurious Testimony in Order to Procure a Conviction**

1. A criminal conviction procured by the state prosecuting authorities solely by the use of perjured testimony known by them to be perjured and knowingly used by them in order to procure the conviction is without due process of law, and in violation of the Fourteenth Amendment. Mooney Vs Holohan P. 294 U. S. 112.

2. The due process clause of the Fourteenth Amendment governs any action of a State through its legislature, its courts, or its executive officers, including action through its prosecuting officers. P. 294 U. S. 112.

3. When a Conviction is obtained by the presentation of testimony known to the

prosecuting authorities to have been perjured, Due Process has been violated. This clause cannot be deemed to be satisfied by mere notice, and hearing.

4. If the prosecutor knew or should have known that testimony given to the trial was perjured, the conviction must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury (427 U.S. v Agurs 103, 104)

5. If a state has contrived a conviction, through the pretense of a trial, which in truth is but used as a means of depriving a defendant of liberty through a deliberate, deception of the court and jury through the presentation of testimony known to be perjured, it is without due process of law and in violation of the Fourteenth Amendment.

## II. Suppression of Evidence / Failure to Preserve Evidence Crucial to Trial

1. In *Brady v. Maryland*, the Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, *irrespective of the good faith or bad faith of the prosecution*

2. The heart of the holding in *Brady* is the prosecution's suppression of evidence, in the face of a defense production request, where the evidence is favorable to the accused and is material either to guilt or to punishment. Important, then, are:

    a) Suppression by the prosecution after a request by the defense

    b) The evidence's favorable character for the defense

    c) The materiality of the evidence.

3. In *United States v. Agurs*, the Court summarized and expanded the prosecutor's obligation to disclose to the defense exculpatory evidence in his possession, even in the absence of a request, or upon a general request, by defendant

4. **If the defense specifically requested certain evidence and the prosecutor withheld it, *the conviction must be set aside*** if the suppressed evidence might have affected the outcome of the trial. (427 *Brady v. Maryland* 104, 106)

5. If the defense did not make a request at all, or simply asked for all *Brady* material or for anything exculpatory, a duty resides in the prosecution to reveal to the defense obviously exculpatory evidence. (427 US v. Agurs 106, 114)

6. If the prosecutor did not reveal the relevant information, **reversal of a conviction may be required** if the undisclosed evidence creates a reasonable doubt as to the defendant's guilt (427 US v Agurs 106, 114)

7. Evidence is considered to be material if there is a reasonable probability that, had the evidence been disclosed to the defense, the outcome of the proceeding would have been different (US v Bagley)

8. The standard applied in US Vs Bagley not only applies to exculpatory material, but also to material that would be relevant to the impeachment of witnesses

9. The Court has held that Brady suppression occurs when the government fails to turn over even evidence that is 'known only to police investigators and not to the prosecutor

10. The prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including police. Youngblood v. West Virginia, 547 U.S. 867

## III. Sufficiency of Witness Testimony and Evidence

1. The State has the necessary burden of proving beyond a reasonable doubt every fact necessary to constitute the crime charged.

2. The Defense unwaveringly feels that the State of Mississippi has *failed* in proving every fact necessary to constitute the crime of DUI charged through the combined testimony of Deputy Beavers and Deputy Williford. Not only do statements made by Beavers and Williford contradict themselves, but the prosecutor in this matter seemingly has condoned the actions of the Lafayette County Sheriff's Department in their failure to preserve and maintain key evidence that was requested by Defense for the purposes of trial. Defendant further states the following key facts:

a) Neither Deputy Beavers nor Deputy Williford had a dash camera in their patrol vehicle

b) Neither Deputy wore a body camera at that time

c) Deputy Williford testified to a headlight being out as the cause of the traffic stop, not swerving or any other sign of an intoxicated driver would generally show.

d) Defendant verbally expressed his right and desire to speak with an attorney when Deputy Beavers insisted on transporting Defendant away from the site of the traffic stop to the Lafayette County Detention Center for the purpose of conducting a field sobriety test.

e) Lafayette County Sheriff's Department retained zero video evidence of the standard field sobriety test being administered in the Sallyport of Lafayette County Sheriffs Department

f) Sheriff Joey East confirmed at trial that the camera(s) footage in the sallyport was not preserved despite timely requests by the Defendant.

g) Defendant stated in advance that he did not consent to transport from the site of the traffic stop to the Lafayette County Detention Center for the purposes of a field sobriety test being administered. Defendant asked to speak to an attorney as he thought this was an extremely odd request and Defendant wanted to perform the test out in the open in the presence of his spouse in order to have video evidence and an eye witness to the test being administered.

h) Despite all places Defendant could have been administered a standard field sobriety test (SFST) in view of a camera/video, Deputy Beavers insisted upon the Sallyport of the Lafayette County Sheriffs Department, a supposed "secure" environment. However despite multiple requests for the video cameras in the sallyport which would have captured the SFST being administered, Defendant was advised on the week leading up to trial commencing that the Lafayette County Sheriff never retained the video from the Sallyport. Why would Beavers or East not ensure that video evidence of the SFST was retained, and particularly given all other transpired events?

i) Defendant's vehicle was never truly searched by Deputy Williford which Defendant's spouse was an eye witness to. Even more bizarre was that the Defendant was never searched until being booked in for the alleged charge of DUI at the Lafayette County Detention Center. Both deputies alleged that the source of odor of burnt marijuana came from the vehicle and not the body of Defendant. However, both deputies allowed Defendant's wife to drive his vehicle away after Defendant was placed in the back of Beaver's patrol car for transport to LCDC for a SFST to be administered. In the eyes of Defendant, this in particular demonstrates that the deputies either knew that know illegal substance was present, or simply didn't care and solely cared about getting Defendant onto their turf and further dismissing the presence of Defendant's Spouse

3. The Defense unwaveringly feels that the State of Mississippi has *failed* in proving every fact necessary to constitute the crime of Disorderly Conduct and Resisting Arrest, and that the record reflects some of the most obnoxious, skewed, perjurious testimony and statements which Defendant asserts is a conspiracy between two officers under color of law attempting to deprive a private citizen of his constitutional rights, through a rogue deviation of policy and procedure. To supplement this, Defendant attests to the following facts:

a) Defendant went to the Sheriff's Department that particular day to attempt to (ideally) enlist the assistance of the Lafayette County Sheriff after Defendant stated over and over that he had fallen victim to steady ongoing attacks of criminal conspiracy by his ex-girlfriend/mother of his first-born child.

b) Defendant audio recorded the encounter with Deputy Dixon whom told Reardon he needed to move his car. Defendant would note that at this point it was after normal business hours, and that the sign in front of the spot he parked in stated "Reserved For Sheriffs Dept". It didn't state reserved for Sheriffs Deputies Only, It didn't state authorized vehicles only. Not to mention there has been no mention of any county or state ordinance which delegates the authority to limit parking in such a way, and Defendant was at the Sheriffs Department on official business to speak to the Sheriff whom ignored Defendant's emails seeking assistance with his grievances

c) That pursuant to Article 3 Section 5 of the Mississippi Constitution, Government Originates in the People. Further, Section 6 allows for the regulation of Government,and Section 11 gives right to Peaceful Assemblage; Right to Petition the Government. Defendant hasn't waivered since the beginning that his sole goal was to get help from the Sheriff whom wouldn't respond to his grievance via email. Therefore he (the people whom Government originates) attempted to regulate a government entity in attempting to get the Sheriff to enforce the laws evenly and equally, providing equal protections under the laws of the state after he already had identified ongoing

situations in which he was victim to crimes that were directed to him. This is not unlawful and it most certainly did not warrant and justify the takedown/assault by Courtney Dixon and Ethan Tidwell simply for him stating that he wanted to speak to Sheriff Joey East and stating that he wasn't being disorderly while turning his shoulders attempting to just move his car to another spot which is shown on the video and audio evidence.

d) In the police reports of Dixon and Tidwell, both deputies made distinct reference to Defendant verbalizing "No" three separate times. However, Defendant never once said No as the deputies claimed in their statements, and as such Defendant has alleged that this dangerous discovery would raise much more than a suspicion that these two deputies conspired together to falsely justify their very physical arrest that never should have been made, and in doing so certainly demonstrates a conspiracy between two officers on behalf of the state acting under color of law to deprive a private citizen of his civil/constitutional rights which he was trying to protect when he commuted to the Lafayette County Sheriffs Office on 12/28/2020 in the first place.

e) Deputy Dixon also stated in his sworn affidavit to justify the additional stacked charge of Resisting Arrest that Defendant "Resisted by violence and running away from his lawful arrest by Courtney Dixon, a state law enforcement officer in Lafayette County". This simply was not the case and the video evidence goes to further proving that Dixon once again provided perjured testimony, as the story at trial became that Defendant tensed up when tackled to the ground. However, defendant states that tensing up when being tackled especially in such situation would be a pretty common occurrence unintended to be resisting in nature.

f) Dixon and Tidwell both stated that Defendant was advised he was under arrest and told to place his hands behind his back. This again was untrue and further builds the intended conspiracy committed by these deputies as the audio recording proves that Dixon never audibly said that defendant was under arrest, nor did he ever ask Reardon to place his hands behind his back when initiating the aggressive takedown and subsequent arrest to follow.

g) Sheriff Joey East testified to Defendant's arrival to the Sheriffs Department that day, stating that he pulled in and went to the back of his truck to see if Defendant would approach him. However when the video evidence was slowed down and played, the evidence shows he never went to the back of his vehicle as stated and instead rushed inside the sheriffs department clearly intent on avoiding conversation about Defendant and his grievance which fell in the Sheriff's Jurisdiction.

h) It is at this point that Defendant alleges the Sheriff sent Dixon out to "do his bidding" and get the Defendant to leave, through one way or another. Tidwell meets Dixon whom is exiting the side exit of the Sheriffs Department to provide backup. The Lafayette County Sheriff then gives unbelievably sloppy and unprofessional testimony to the fact that he heard what sounded like a girl being attacked and screaming outside to which he then exited the Sheriff's Department and proceeded out to the scene of the arrest.

## IV. Defendant was DENIED the right to a Trial by Jury of his peers

1) Defendant hereby raises the constitutionality of such ruling and seeks review of such by Federal Question to be filed in the US District Court for the Northern District of Mississippi

2) Miss Code Ann 99-33-9 specifies the state's right to a Jury Trial. It specifies that if potential incarceration is more than 6 months the Defendant is entitled that right. On the contrary, if the potential incarceration is less than 6 months the defendant is not entitled to a Jury Trial. There are two matters in particular which are not addressed and those issues include:

a) An alleged crime which sees potential incarceration of 6 months even.

-The state statute specifically defines more than 6 months as a guaranteed right to a trial by jury and less than 6 months potential incarceration as there being no right to trial by jury… What about 6 months even?

b) Multiple alleged crimes/charges in which the potential concurrent stacking of potential incarceration far exceeds that of a total of 6-month's time. If potential sentence can be consecutively executed, would this not amount to egregious violation of the sixth amendment of the Federal Constitution along with Article 3 section 31 of the State of Mississippi Constitution detailed out in its Bill of Rights?

3) Defendant stood trial for 9 separate criminal complaints brought by Lafayette County Sheriffs Department and Liz Crowder which Defendant has stated since day one were brought improperly with ill intention, in retaliation on Defendant for his seeking vindication and justice for a matter in 2017, and in an effort to knowingly interfere with ongoing legal matters that presently sit before the MS Supreme Court and Court of Appeals.

V. **Defendant alleges that the verdict lacked sufficient evidence and was derived from knowingly perjurious testimony being introduced at trial by the Lafayette County Prosecutor, and that Defendant feels that the verdict reached influenced by mob-domination by the Lafayette County Sheriffs Department whom filled one side of the courtroom.**

VI. **Deprivation of Due Process Rights and violations of 14th Amendment (Equal Protections under the laws) without Corrective Process afforded;**

1. That requirement in safeguarding the liberty of the citizen against deprivation through the action of the state embodies the fundamental conceptions of justice, which lies at the base of our civil and political institutions (Mooney v. Holohan, 294 U.S. 103, 112 (1935)

2. In the action of prosecuting officers on behalf of the state, those that set laws and enforce laws may constitute state action within the purview of the 14th amendment, that amendment governs any action of a state, whether through its legislature, through its courts, or through its executive or administrative officers.

3. The principal in enunciated has required state officials to controvert allegations that knowingly false testimony had been used to convict and has upset convictions found to have been so procured, extending the principle.(Carter vs Texas, Rogers vs Alabama, Chicago, Burlington, & Quincy vs Chicago)

4. 4. In each instance, time after time over the past 30 years, the Supreme Court has held that the 14th Amendment cannot tolerate a state criminal conviction obtained by the knowing use of false evidence (Mooney vs Holohan) It has further elaborated in subsequent rulings

that there has been no deviation from that established principle and there can be no retreat from that principle here. (Navoo vs Illinois, Ohio vs Kansas, Alcorda vs Texas)

5. If the defense specifically requested certain evidence, and the prosecutor withheld it, the conviction must be set aside *if the suppressed evidence might have affected the outcome of the trial.* (Brady v Maryland)

6. If the defense did not make a request at all, or simply asked for all Brady material, or for anything exculpatory, a duty resides in the prosecution to reveal to the defense obvious exculpatory evidence. Furthermore, If the prosecutor did not reveal the relevant information, reversal of a conviction may be required if the undisclosed evidence creates a reasonable doubt as to the defendant's Guilt. *(US vs Augers)*

7. A state is not free, to have no corrective process in which defendants may pursue remedies for federal constitutional violations. In *Frank v. Mangum*, the Court asserted that a conviction obtained in a mob-dominated trial was contrary to due process: if the State, supplying no corrective process, carries into execution a judgment of death or imprisonment based upon a verdict thus produced by mob domination, the State deprives the accused of his life or liberty without due process of law.

8. The Supreme Court has stated numerous times that the absence of some form of corrective process when the convicted defendant alleges a federal constitutional violation contravenes the Fourteenth Amendment, and the Court has held that to burden this process, such as by limiting the right to petition for habeas corpus, is to deny the convicted defendant his constitutional rights.

VII. Jurisdictional Challenge

1. In light of the alleged deficiencies and errors which Defendant feels are manifest in nature and thus require the resulting conviction to be set aside pursuant to the many well established cases cited, Defendant would raise a jurisdictional challenge due to the stated federal constitutional rights violations and it would be Defendant's position and intention to move for removal of these matters to the proper Federal Forum (US District Court) should Defendant's motion go unanswered or denied

## WHEREFORE ALL PREMISES CONSIDERED

Defendant would respectfully request that all findings of guilt be set aside and rendered void due to the aforementioned significant issues and grievances primarily regarding insufficient evidence/lack of evidence, violations of Defendant's Due Process Rights, and the introduction of knowingly perjured testimony without any corrective process by the Prosecutor. Defendant would respectfully ask that they be declared VOID and dismissed with prejudice due to fraud committed on the court, else Defendant asserts his intent to seek remedy and removal to the US District Court of Northern Mississippi due to Federal Questions arising, for the purposes of properly litigating the issues at hand, and for these matters to tried before a jury panel. In the interest of Judicial Economy, please take Judicial Notice of this Motion to serve as Defendant's Notice of Intent to Appeal the Judgement/Order.

Respectfully Submitted this 3rd Day of December 2021

Matthew Reardon

Matt Reardon
Defendant
117 CR 401 Oxford, MS 38655
matt@mattreardon.com
662-550-9752

**CIRCUIT COURT OF LAFAYETTE COUNTY, MISSISSIPPI**

MATTHEW REARDON

V. L21-494

STATE OF MISSISSIPPI

LAFAYETTE COUNTY
FILED
MAY 20 2022
JEFF BUSBY
CIRCUIT CLERK
BY: ______ D.C.

**RESPONSE TO NOTICE OF APPEAL AND JURY TRIAL DEMAND**

COMES NOW the State of Mississippi by Bela J Chain III, County Attorney, Lafayette County, Mississippi and responds to the notice of appeal and jury trial demand of Matthew Reardon as follows, to wit:

1. Matthew Reardon was convicted in the Justice Court of Lafayette County, MS, of various offenses which occurred on two separate and distinct dates and are in now way related to each other.

2. The two separate matters purportedly appealed occurred on December 28, 2020, (being resisting arrest and disorderly conduct) and on February 21, 2021, (being a DUI first offense and related traffic citations).

3. The two separate and distinct matters have been appealed under a single Circuit Court case filing when each should have be appealed in its own file and on its own merits.

4. Judgment of the Justice Court of Lafayette County, Mississippi, was entered on November 24, 2021, the Defendant therein did not file and perfect his appeal on the two separate matter within the 30 days as is allowed under Rule 29.1 of the MRCrimP.

5. Additionally, if the deficiencies are cured, the demand of Matthew Reardon for a jury trial is not warranted under Rule 29.5 of the MRCrimP which says in part that "In appeals from justice or municipal court, when the maximum possible sentence is six (6) months or less, the case may

be tried without a jury". None of the defendant's charges carry greater that a 6 month sentence.

WHEREFORE PREMISE CONSIDERED the purported appeal should be dismissed as being untimely filed and perfected.

Alternatively, if found to be timely, the matter should be heard without a jury as is contemplated in Rule 29.5 of MRCimP.

RESPECTFULLY SUBMITTED this the 20th day of May , 2022.

Bela J Chain III, County Attorney

**CERTIFICATE OF SERVICE**

I, Bela J Chain III do hereby certify that I have this day provided a true and correct copy of the above and foregoing RESPONSE TO NOTICE OF APPEAL AND JURY TRIAL DEMAND, by U.S. Mail, postage prepaid to:

Mitchell O. Driskell, III
Daniel Coker Horton & Bell, P.A
P. O. Box 1396
Oxford, MS 38655

Honorable Kelly Luther
Senior Circuit Court Judge
102-F N. Main St.
Ripley, MS 38663

SO CERTIFIED this the 20th day of May, 2022.

Bela J Chain III

IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, MISSISSIPPI

july 2017 TERM

THE STATE OF MISSISSIPPI

Vs

Matt Reardon, DEFENDANT

CAUSE NO. LK17-295

***WAIVER OF INDICTMENT***

I Matt Reardon. after first being duly sworn do depose and say on my oath that:

I am 30 years of age with an education of 13 years; that I am not on drugs or intoxicants at this time and do fully understand the nature of this sworn statement; that after talking with my lawyer, B B Horan who advised me of my right to await presentment to and action by a grand jury, and who is appearing with me in open court this day, as my free and voluntary act and deed, without promise, threat, or fear, I do hereby waive, and forever relinquish formal presentment to and indictment by the grand jury, and do further CONSENT TO, REQUEST AND DEMAND that the State of Mississippi forthwith arraign me and proceed with the speedy prosecution of the charge of: Cyber Stalking (Aggravated)

alleged to have been committed by me on the 8th day of May, 2017 in Lafayette County, Mississippi and within the jurisdiction of this Court, all as is more fully set forth in the INFORMATION signed by a prosecutor of this jurisdiction, attached hereto and made a part hereof as if copied herein in full, and of which I hereby acknowledge receipt of a true and correct copy.

X [signature]
Affiant-Defendant

SWORN TO AND SUBSCRIBED BEFORE ME this the 6th day of July 20 17

CIRCUIT COURT LAFAYETTE COUNTY, MS

[signature]
Circuit Clerk

## *ATTORNEY'S CERTIFICATE*

I B B Horan a duly licensed and practicing lawyer in the State of Mississippi, do hereby certify that I do and will represent the defendant herein, and I verily believe it is in the best interest of the defendant, who will not be prejudiced thereby, to waive indictment and proceed forthwith by information. The above defendant's affidavit and my certificate have been executed in open court by each of us in each others presence.

*Attorney for Defendant*

ACCEPTED, APPROVED AND ORDERED numbered and filed, this the 6th day of July, 20 17

Circuit Judge

Filed this the 6 day of July 2017
Minute Book CRIMS Pg 5907
Baretta Mosley, Clerk
BY: ________ DC

CRIMINAL INFORMATION

Aggravated Stalking
Miss Code Ann. 97-3-107(2)
Nm 5 years , or a $3,000 fine or both

STATE OF MISSISSIPPI
COUNTY OF LAFAYETTE

CAUSE NO.: LK17-295

COMES NOW the State of Mississippi, by and through the District Attorney in and for the Third Circuit Court District of Mississippi, and charges by Criminal Information that, upon information and belief, that the said:

MATT REARDON

late of the County and State aforesaid on or about ~~June, 2016,~~ or before May 8, 2017 in the County and State aforesaid, and within the jurisdiction of this Court, did unlawfully, willfully, feloniously commit he crime of stalking as defined in section 97-3-107 (1) and did so while displaying a deadly weapon, to wit: an AR15 rifle with the intent to place the Todd and/or Ashley Lynch in reasonable fear of great bodily injury, in violation of section 97-3-107(2) of the Mississippi Code of 1972, as amended, which offense is punishable by not more than 5 years imprisonment and a $3,000 fine or both, contrary to the form of the statute and against the peace and dignity of the State of Mississippi.

[signature]
Assistant District Attorney

FILED: 7-6, 2017 [signature: Baretta Mosley], CLERK

Recorded: ______________, 2017 ______________, CLERK

As attorney for this defendant, I certify that I have on the above date discussed all the contents of the foregoing petition with said defendant, and I am satisfied that the defendant fully understands same and that the defendant executes said petition knowingly and voluntarily.

*ATTORNEY FOR THE DEFENDANT

2631

*STATE BAR NUMBER

STATE OF MISSISSIPPI

**COUNTY OF LAFAYETTE**

Sworn to and subscribed before me, this the 6th day of July, 2017

My commission expires on My Commission Expires Jan. 2, 2020

NOTARY PUBLIC

CIRCUIT COURT LAFAYETTE COUNTY, MS

IN THE CIRCUIT COURT OF LAFAYETTE COUNTY STATE OF MISSISSIPPI

THE STATE OF MISSISSIPPI

Vs

MATT REARDON DEFENDANT CAUSE NO. LK17-295

## AMENDED TIME SERVED ON GUILTY PLEA

This day into open court came the District Attorney who prosecutes for the State of Mississippi and came also the above named defendant and being represented by counsel, was lawfully arraigned upon indictment lawfully returned by the Grand Jury of Lafayette county charging the said defendant with the crime of AGGRAVATED STALKING

and being duly advised of all his legal and constitutional rights in the premises and being further advised of the consequences of such a plea the defendant did then and there enter his plea of guilty to said indictment.

**THIS COURT** further finds that the defendant is fully able and competent to understand the proceedings before this Court to comprehend and understand the nature of the rights he has waived herein, and that the defendant was fully competent to enter his plea in this case.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant, is guilty as charged of the felony criminal offense of AGGRAVATED STALKING

It is **ORDERED AND ADJUDGED** that the said defendant, is hereby ordered to serve a TERM OF 5 YEARS imprisonment in the custody of the Mississippi Department of Corrections.

The defendant shall be given credit for ______ years and ______ days spent in custody awaiting trial.

The court is of the opinion that the sentence should be reduced to time served based upon recommendations and statements made this date in open Court. The balahce of the sentence imposed above is suspended and the defendant is placed on supervised probation for BALANCE OF SENTENCE YEARS.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the sentences imposed on in this cause be and the same is hereby reduced for time served; and said Defendant is placed on supervised probation for a period of BALANCE OF SENTENCE years under (he following terms and conditions:

(a) Hereafter commit no offense against the laws of this state or any state of the United States, or of the United States,

(b) Avoid injurious or vicious habits; i.e., not to be involved in suspicious or malicious

FILE THIS THE 21 DAY OF February, 2018
MINUTE BOOK crim PAGE 86029
BARETTA MOSLEY, CIRCUIT CLERK
BY A. Garner D.C.

behavior, not to use, possess, or show presence of alcoholic beverages, intoxicants to substances controlled or prohibited by law;

(c) Avoid persons or places of disreputable or harmful character; i.e. not to associate with persons who have prior felony convictions, or persons of ill repute, not to go into, remain about, visit or frequent places where alcoholic beverages are dispensed or sold, or places where disorderly conduct may occur.

(d) Report-t to the Department of Corrections as directed by it;

(e) Permit the Field Officer to visit him at home, or elsewhere, and permit the Field Officer to search without a warrant, the purpose of which is to detect the possible presence of alcoholic beverages, intoxicants, contraband, and/or substances controlled or prohibited by law;

(f) Work faithfully at suitable employment so far as possible;

(g) Remain within a specified area, i.e., residence of record, employments of record, etc and not change such without notification to the Field Officer,

(h) Remain within the State of Mississippi unless authorized to leave on proper application thereof,

(i) Support dependents if applicable;

(j) Hereby waive extradition to the State of Mississippi from any jurisdiction in or outside the United States where defendant may be found and also agree not to contest any effort by any jurisdiction to return defendant to the State of Mississippi.

(k) Shall pay to the Department of Corrections a supervision fee each month by "certified check" or "money order," until discharged from supervision, in the amount set forth in Mississippi Code of 1972, Section 47-7-49, Annotated.

(l) Submit to any type of breath saliva, or urine chemical analysis test, the purpose of which is to detect the possible presence of alcohol or substances controlled or prohibited by law and shall pay any fees assessed for each positive analysis;

(m) Attend and complete any special programs or counseling as directed by the Court or the Field Officer and pay any fees as required for these services;

(n) Shall pay Court cost in the amount of $630.50 fines in the amount of $________ and other fees and cost in the amount of $________ with the total amount of fees and cost to be paid at a rate of $50.00 per month.

(o) And further, shall NOT HAVE CONTACT WITH TODD AND ASHLEY LYNCH AND DEFENDANT SHALL BE BANISHED FROM LAFAYETTE COUNTY MS EXCEPT FOR MANDATORY CHANCERY COURT APPEARANCE- PAYMENT STARTS APRIL 1ST 2018

IT IS FURTHER ORDERED AND ADJUDGED that judgment shall be entered upon the Judgment Rolls against the Defendant, in the amount $________ in favor of Lafayette County. Said judgment is to be paid before the next Term of Court in Lafayette County. If delinquent more than thirty (30) days, the Clerk may, with the assistance of the County or District Attorney, institute garnishment proceedings against said defendant in this cause. This judgment shall be satisfied by the clerk when payment is full has been made into the Court.

SO ORDERED AND ADJUDGED this the 21ST day of February 2018

____________________
Circuit Judge

STATE OF MISSISSIPPI

In the Circuit Court of LAFAYETTE COUNTY Case: LK22-358



TO: THE MISSISSIPPI DEPARTMENT OF CORRECTIONS ORI: MS0360150

NOTICE OF CRIMINAL DISPOSITION

You are hereby notified that at the SEPTMBER 2022 Term of the Circuit Court, Judge Kent E. Smith presiding, the following disposition was imposed for the crime(s) hereinafter described:

I. A. Disposition(s) Reported: _ Prisoner Commitment X Suspended Sentence/Probation _ Revocation _ Acquittal _ Re-Sentence _ Other

A-1. Provisional Sentence _ Non-Adjudication _ RRP _ Drug Court _ Bad Check Div. Pgm. _ Restituion in ____ CNTY _ House Arrest/ISP _ Parchman Alcohol & Drug Program

B. Conviction as a Result of: X Guilty Plea _ Guilty Plea after ___ days Trial _ Jury Verdict after ___ Days in Trial _ Rev. Hearing

II. Name MATTHEW REARDON Alias ____

SSN 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 Race W Sex M Date of Birth 03/24/1987

Last Known Residence 903 CR 371
Water Valley MS

Place of Birth ATLANTA, GA Country of Citizenship ____

Alien Registration/Immigration # ____ ATN # ____

III. Count 1 Charge AGGRAVATED STALKING

Sentenced MSCode 97-3-107(2) Indicted MS Code 97-3-107(2)

Count Charge ____

Sentenced MSCode ____ Indicted MS Code ____

Count Charge ____

Sentenced MSCode ____ Indicted MS Code ____

IV. Date of Sentence 09/30/2022 Indictment Date 09/06/2022 DA Bar# 000010650

Sentence(s) Imposed by Order: Count 1 5YRS. UNSUPER. PROBATION;BANISH. FROM LAFAYETTE CO

Credit (Days) Count ____

Count ____

| | TO BE SERVED | SUSPENDED | PROBATION | POST RELEASE | METHOD OF DISP. |
|---|---|---|---|---|---|
| Count 1 | | | 5 YRS UNSUPERVI | | 5YRS. UNSUP. PROB. |
| Count | | | | | |
| Count | | | | | |

Cons: 365 ROR. 5YRS BANISH LAFAYETTE CO.

Conditions of Sentence: _ Habitual _ Psychological/Psychiatric _ Alcohol/Drug

Other: 45 DAYS TO MOVE FROM CURRENT ADDRESS IN LAFAYETTE CO.; NO CONTACT VICT.

V. Dates Confined ____ to ____ ____ to ____ ____ to ____

Released on Bond Pending Appeal ____ to ____

Currently Housed In ____

VI. Fine ____ Indigent Fee ____ Restitution ____ Court Costs ____

Conditions of Payment ____

Jeff Busby
LAFAYETTE COUNTY COURT

By: Patricia Olston, D.C.

September 30, 2022

CIRCUIT COURT LAFAYETTE COUNTY MS

Send Prisoner Commitments, Provisional Sentence Orders and Revocation Orders To:

Records Department
MDOC (Fax: 601-973-3879)
P.O. Box 24388
Jackson, MS 39205

Court Statistics Division
Administrative Office of Courts (AOC)
P.O. Box 117
Jackson, MS 39205-0117

Send Suspended Sentence/Probation Notices, Provisional Sentence Orders and Rev. Orders to:

Data Operations
MDOC (Fax: 601-973-3879)
P.O. Box 24388
Jackson, MS 39205

Court Statistics Division
Administrative Office of Courts (AOC)
P.O. Box 117
Jackson, MS 39205-0117

Send Acquittal/Other Notices to: Court Statistics Division, AOC at its address listed above.




March 25, 2024

RE: CAUSE NOS: 9290609, 9290610, 9291197, 9291198, 9291202

To Whom It May Concern:

To the best of my knowledge, there has not been a properly filed appeal from any conviction pending in the Lafayette County Circuit Court.

Jeff Busby
Lafayette County Circuit Clerk
1 Courthouse Square, Suite 101
Oxford, MS 38655